U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

UNITED STATES DISTRICT COURT

2007 NOV 27  AM 10: 3⁷

FOR THE DISTRICT OF VERMONT

CLERK

BY _____ _lw_ _____

DEPUTY CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : Criminal No. 2:07-CR-131-1 |
| | : |
| CABOT CREAMERY COOPERATIVE, INC., | : |
| Defendant | : |

PLEA AGREEMENT

The United States of America, by and through the United States Attorney for the District

of Vermont (hereafter "the United States"), and the defendant, CABOT CREAMERY

COOPERATIVE, INC. ("CABOT"), agree to the following in regard to the disposition of a

pending criminal investigation against CABOT.

1.      CABOT agrees to plead guilty to an Information charging it with one count of

negligent discharge of a pollutant into a navigable water of the United States without a permit, in

violation of 33 U.S.C. §§ 1311(a), 1319(c)(1)(A), arising from its discharge of ammonia into the

Winooski River in July 2005.

2.      CABOT understands, agrees and has had explained to it by counsel that the Court

may impose the following sentence on its plea:  not more than/up to five years of probation,

pursuant to 18 U.S.C. § 3561(c)(2); not more than a $200,000 fine, pursuant to 18 U.S.C.

§ 3571(c)(5); and a $125 special assessment pursuant to 18 U.S.C. § 3013(a)(1)(B)(iii).  Full

restitution may also be ordered.

3.      It is the understanding of the parties to this agreement that the plea will be entered

under oath and in accordance with Rule 11 of the Federal Rules of Criminal Procedure.  The

1

defendant represents that it intends to plead guilty because it is, in fact, guilty of the crime with which it is charged.

4.   CABOT agrees and understands that this agreement is conditioned upon it providing the United States Attorney, at the time this plea agreement is executed, a bank cashier's check, certified check, or postal money order made payable to the Clerk, United States District Court, in payment for the mandatory special assessment of $125 for which it will be responsible when sentenced. The United States agrees to safeguard and pay the special assessment imposed at sentencing to the Clerk of the Court immediately after sentencing. In the event that this plea agreement is for any reason terminated or the defendant's guilty plea is not accepted by the Court, the special assessment shall be promptly refunded to CABOT. In the event that the tendered bank check is not honored for whatever reason, the defendant understands that it will still be liable for the amount of the special assessment which the Court imposes. CABOT understands and agrees that, if it fails to pay the special assessment in full prior to sentencing, the United States' obligations under this plea agreement will be terminated, the United States will have the right to prosecute CABOT for any other offenses it may have committed, and will have the right to recommend the Court impose any lawful sentence. Under such circumstances, CABOT will have no right to withdraw its plea of guilty.

5.   CABOT agrees and understands that it is a condition of this agreement that it refrain from committing any further crimes whether federal, state or local.

6.   The United States agrees that in the event that CABOT fully and completely abides by all conditions of this agreement, the United States will:

(a)   not prosecute it in the District of Vermont for any other criminal offenses known

2

to the United States Attorney's Office as of the date of the signing of this plea agreement committed by it in the District of Vermont relative to the negligent discharge of ammonia into the Winooski River without a permit in July 2005; and

(b)     recommend that it receive credit for acceptance of responsibility under Guideline Section 3E1.1, provided that it cooperates truthfully and completely with the Probation Office during the presentence investigation and provided that no new information comes to the attention of the United States Attorney's Office relative to the issue of its receiving credit for acceptance of responsibility.

7.     The parties further agree to the following:

(a)     Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the appropriate fine to be imposed is $50,000.  CABOT agrees to pay the fine at the time of sentencing;

(b)     CABOT will submit an Environment Compliance Program in accordance with Section 8B2.1 of the United States Sentencing Guidelines at the time of sentencing;

(c)     CABOT will be placed on probation for a term to be determined by the court at sentencing.  In addition to the standard conditions of probation, CABOT agrees to the following additional terms of probation:

(1)     CABOT will implement a program whereby all CABOT employees involved in the handling of hazardous materials, including anhydrous ammonia, will receive job-specific environmental compliance training. This program will ensure that each affected CABOT employee will have a

3

working knowledge of applicable environmental requirements and how

those requirements apply to the employee's job responsibilities;

(2)     CABOT will hire an independent consultant to evaluate CABOT'S

compliance with the Federal Clean Water Act and the State of Vermont's

water statutes and regulations, including but not limited to the following:

(A)     The nature and quantity of CABOT'S discharges (including

stormwater, boiler blowdown, process wastewater, and non-

process wastewater);

(B)     The conveyance system associated with each discharge;

(C)     Proper descriptions of discharges and conveyance systems in

diagrams, applications, procedures, and O&M manuals;

(D)     Required permits and approvals;

(E)     Monitoring, reporting, and record-keeping;

(F)     Hazardous material handling, including health and safety; and

(G)     Spill prevention control, response, and notification.

The consultant will prepare an audit based on its evaluation, and a copy of the

audit will be provided to the United States Attorney's Office and the United

States Probation Department.  Within 30 days of submission of the audit to the

United States Attorney's Office, CABOT will identify the actions it plans to take

in response to the audit; and

(d)     As part of a community service obligation, CABOT shall contribute $50,000 to

fund a Supplemental Environmental Project(s) ("SEP").  The SEP shall be subject

4

to the approval of the State of Vermont Agency of Natural Resources, and shall

be funded no later than 60 calendar days from the date of sentencing.

8.      CABOT agrees and understands that, upon sentencing, it will be adjudicated

guilty of the offense to which it is pleading guilty and may possibly thereby be barred from

entering into certain government contracts, including pursuant to 33 U.S.C. § 1368.  CABOT

understands that the United States reserves the right to notify any state or federal agency of the

fact of this conviction, and this plea agreement does not provide any protection from collateral

consequences to CABOT resulting from the fact of this guilty plea.

9.      If the United States determines, in its sole discretion, that the defendant has

committed any offense after the date of this agreement, or has failed to cooperate fully with the

Probation Office, or has provided any intentionally false, incomplete or misleading information

to Probation, its obligations under paragraph six of this agreement will be void and the United

States will have the right to recommend that the Court impose any sentence authorized by law

and will have the right to prosecute the defendant for any other offenses it may have committed

in the District of Vermont.  The defendant understands and agrees that, under such

circumstances, it will have no right to withdraw his  previously entered plea of guilty.

10.     CABOT fully understands that the sentence to be imposed on it is within the sole

discretion of the Court.  The defendant may not withdraw its plea because the Court declines to

follow any recommendation, motion or stipulation of the parties to this agreement other than an

agreement between the parties pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).  The

United States does not make any promises or representations as to what sentence CABOT will

receive.  The United States specifically reserves the right to allocute at sentencing.  There shall

5

be no limit on the information the United States may present to the Court and the Probation

Office relevant to sentencing and the positions the United States may take regarding sentencing

(except as specifically provided elsewhere in this agreement).  The United States also reserves

the right to correct any misstatement of fact made during the sentencing process, to oppose any

motion to withdraw a plea of guilty previously entered and to support on appeal any decisions of

the sentencing Court whether in agreement or in conflict with recommendations and stipulations

of the parties.

   11. Further, CABOT fully understands that any estimates or predictions relative to the

Guidelines calculations are not binding upon the Court and fully understands that the Guidelines

are advisory and that the Court can consider any and all information that it deems relevant to the

sentencing determination.  Thus, the defendant expressly acknowledges that in the event that any

estimates or predictions by its attorney (or anyone else) are erroneous, those erroneous

predictions will not provide grounds for withdrawal of its plea of guilty, modification of its

sentence, or for appellate or post-conviction relief.

   12. It is further understood and agreed by the parties that should the defendant's plea

not be accepted by the Court for whatever reason, or later be withdrawn or vacated, this

agreement may be voided at the option of the United States and the defendant may be prosecuted

for any and all offenses otherwise permissible.   If the plea is withdrawn or vacated on motion of

the defendant, the defendant herein expressly agrees that the entire period of time that elapses

between the signing of this agreement and the withdrawal or vacatur of the plea shall be

disregarded in calculating whether the prosecution of any charges is timely under the applicable

statute of limitations.  The defendant also expressly agrees to waive any defense to the

reprosecution of charges that it might have under the Speedy Trial Act, the speedy trial guarantees of the Constitution, or any other constitutional or statutory provision.

13.     It is further understood that this agreement is limited to the Office of the United States Attorney for the District of Vermont and cannot bind other federal, state or local prosecuting authorities.

14.     CABOT agrees that it will provide a copy of any financial affidavit prepared during the course of the Probation Office's presentence investigation to the United States at the same time that it is provided to the Probation Office.  In addition, CABOT specifically hereby authorizes the Probation Office to provide the United States a copy of any and all financial affidavits submitted to it by CABOT.

15.     In voluntarily pleading guilty to the charges in the Information, CABOT acknowledges that it understands the nature of the charges to which the plea is offered.  CABOT also acknowledges that it has the right to plead not guilty or to persist in a plea of not guilty; that it has the right to be represented by counsel at trial and at every other stage of the proceeding; that at trial it has the right to confront and cross-examine adverse witnesses; that it has the right to be protected from compelled self-incrimination; that it has the right to testify and present evidence and to compel the attendance of witnesses; that if a plea of guilty is accepted by the Court, there will be no further trial of any kind, so that by pleading guilty it waives the right to a trial and the other rights enumerated here.

16.     CABOT expressly states that it makes this agreement of its own free will, with full knowledge and understanding of the agreement and with the advice and assistance of its counsel, Robert F. O'Neill, Esq.  CABOT further states that its plea of guilty is not the result of

7

any threats or of any promises beyond the provisions of this agreement. Furthermore, CABOT expressly states that it is fully satisfied with the representation provided to it by its attorney, Robert F. O'Neill, Esq., and has had full opportunity to consult with its attorney concerning this agreement, concerning the applicability and impact of the sentencing guidelines (including, but not limited to, the relevant conduct provisions of Guideline Section 1B1.3), and concerning the potential terms and conditions of supervised release.

17.    No agreements have been made by the parties or their counsel other than those contained herein.

18.     It is agreed that a copy of this agreement shall be filed with the Court before the

time of the defendant's change of plea.

Dated at Burlington, in the District of Vermont, this $2\,7^{th}$ day of November, 2007.

UNITED STATES OF AMERICA

THOMAS D. ANDERSON
United States Attorney

*Bmmextum*

BARBARA A. MASTERSON
Assistant U.S. Attorney

$11/26/07$
DATE

CABOT CREAMERY COOPERATIVE, INC.
Defendant

I have read, fully reviewed and explained this agreement to my client, CABOT CREAMERY

COOPERATIVE, INC., and I hereby approve of it.

$11/26/07$
DATE

ROBERT F. O'NEILL
Counsel for the Defendant

[ N:\BMasterson\cases\Open Cases\Cabot Creamery\plea.agmt.wpd N@CO_FRM Ver 6/15/2007 ]

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF VERMONT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. |
| | : | |
| CABOT CREAMERY | : | |
| COOPERATIVE, INC. | : | |

## CERTIFICATE OF SERVICE

I, Danielle N. Hall, Legal Assistant for the United States Attorney's Office for the District

of Vermont, do hereby certify that I have served a copy of the foregoing **Information** and **Plea**

**Agreement** on the counsel for the Defendant by mailing first class a copy thereof to:

Robert F. O'Neill
Gravel & Shea
76 St. Paul St.
P.O. Box 369
Burlington, VT 05402-0369

Dated at Burlington, in the District of Vermont this 27th day of November, 2007.

Danielle N. Hall, Legal Assistant
U.S. Attorney's Office
11 Elmwood Avenue
Burlington, VT 05401